**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERENA LOUISE CRAWFORD, | No.  2:26-cv-00753-DAD-DMC |
| Plaintiff, | ORDER |
| v. | and |
| COUNTY OF BUTTE, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Crawford, who is proceeding pro se, brings this civil action. Pending before the Court are Plaintiff's motion to proceed in forma pauperis, ECF No. 2, and motion for temporary restraining order, ECF No. 3. The District Judge referred the motion for temporary restraining order to the undersigned. See ECF No. 4.

A.     **Motion to Proceed in Forma Pauperis, ECF No. 2**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that Plaintiff is unable to prepay fees and costs or give security therefor. See ECF No. 2.  Accordingly, the undersigned will grant Plaintiff's motion to proceed in forma pauperis. Plaintiff's complaint, and service thereof by the United States Marshal if appropriate, will be addressed separately.  The Clerk of the Court shall not issue summons or set this matter for an initial scheduling conference unless specifically directed by the court to do so.

/ / /

1

**B.    Screening of Original Complaint, ECF No. 1**

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction.  Because Plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the complaint pursuant to § 1915(e)(2).

As noted by the District Judge, Plaintiff Crawford, who is proceeding pro se, attempts to bring claims on behalf of her son, Plaintiff Christopher Shayne Almodova. See ECF No. 1. However, "[i]t is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Plaintiff asserts a number of claims on behalf of herself, which is proper as a pro se litigant. Thus, the undersigned will dismiss Plaintiff's complaint with leave to amend and provide Plaintiff with 30 days to file an amended complaint. Plaintiff is cautioned that failure to file an amended complaint within the time provided may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

**C.    Plaintiff's Motion for Temporary Restraining Order, ECF No. 3**

A temporary restraining order (TRO) is an extraordinary remedy. The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying

complaint." Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself. See id. This nexus is satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally." See id. (quoting De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

Plaintiff seeks a temporary restraining order, requesting the Court direct Defendants to:

> (1) Immediately return all confiscated legal materials to Plaintiff's son;
> (2) Immediately release Plaintiff's vehicle from impound without payment of any fees;
> (3) Immediately return Plaintiff's personal iPhone;
> (4) Cease all retaliatory conduct;
> (5) Restore Plaintiff's access as court-ordered legal runner;
> (6) Cease all cruel and unusual punishment;
> (7) Set an expedited hearing on Plaintiff's Motion for Preliminary Injunction.

ECF No. 3, pg. 3.

Plaintiff contends that absent such order, Plaintiff suffers irreparable harm because Plaintiff's mother "is battling Stage 4 lung cancer and requires regular transportation to life-sustaining medical treatments." ECF No. 3, pg. 2. According to Plaintiff, "Defendants unlawfully seized Plaintiff's vehicle on February 27, 2026, without warrant or probable cause, and have impounded it, demanding over $1,200 in fees that Plaintiff cannot pay. Each day the vehicle remains unavailable, Plaintiff's mother is denied access to critical medical care." Id.

The Court finds that Plaintiff's motion for temporary restraining order fails to establish the necessary elements and will therefore recommend the District Judge deny the motion. Specifically, Plaintiff's request for relief on behalf of her son, returning legal materials and to cease all cruel and unusual punishment, suffers the same flaw as the claims Plaintiff improperly seeks to bring on behalf of her son – a pro se litigant cannot seek relief on behalf of another. As to Plaintiff's request for her vehicle to be released immediately without payment of fees, the undersigned finds that it is not clear from the complaint that Defendants continue to deprive Plaintiff of her vehicle. Indeed, Plaintiff alleges in the complaint that "Defendants unlawfully seized and impounded [Plaintiff's] vehicle. [Plaintiff] was forced to pay over $800 to

3

get it back." ECF No. 1, pg. 5. Given that, according to the complaint, Plaintiff's vehicle was returned to her, Plaintiff cannot be likely to suffer irreparable harm absent a temporary restraining order.

As to Plaintiff's request to "cease all retaliatory conduct," the undersigned finds that Plaintiff fails to establish irreparable injury is likely as the motion for temporary restraining order does not identify what conduct from which she specifically seeks relief.  As to Plaintiff's request for her iPhone to be returned and to restore Plaintiff's access as court-ordered legal runner, the undersigned finds that Plaintiff fails to show the nexus between the allegations in the complaint and this request. The only mention of Plaintiff's iPhone is in her motions for injunctive relief but Plaintiff's complaint does not mention her iPhone. Additionally, it is not clear to the Court how, and whether, Defendants' alleged conduct has resulted in Plaintiff not being able to continue as a court-ordered legal runner. Finally, given Plaintiff failed to meet the burden for a temporary restraining order, expediting a hearing on a motion for preliminary injunction based on the same relief Plaintiff requests in the temporary restraining order is improper at this time. Accordingly, the undersigned will recommend Plaintiff's motion for temporary restraining order, ECF No. 2, be denied without prejudice.

Based on the foregoing, it is hereby ORDERED AND RECOMMENDED that:

1.      It is ORDERED that Plaintiff's motion to proceed in forma pauperis, ECF No. 2, is GRANTED.

2.      It is ORDERED that Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.

3.      It is ORDERED that Plaintiff shall file a first amended complaint within 30 days of the date of this order.

4.      It is RECOMMENDED that Plaintiff's motion for temporary restraining order, ECF No. 3, be DENIED WITHOUT PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written

objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 11, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE